**David PRICE, Plaintiff,**

v.

**VIKING PRESS, INC., Peter Matthiessen, and Bruce Ellison, Defendants.**

**Civ. No. 4–85–819.**

United States District Court, D. Minnesota, Fourth Division.

Feb. 19, 1987.

Daniel P. O'Keefe, and Roger J. Magnuson, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Richard Kurnit, Frankfurt, Garbus, Klein & Selz, New York City, for defendants Viking Penguin, Inc., and Peter Matthiessen.

Bruce Ellison, Rapid City, S.D., pro se.

DIANE E. MURPHY, District Judge.

This defamation action arises from the publication of *In the Spirit of Crazy Horse,* a book written by defendant Peter Matthiessen, published by defendant Viking Penguin, Inc. (Viking),[1] and allegedly based in whole or in part on information supplied by defendant Bruce Ellison. Now before the court are defendant Ellison's motions for dismissal on res judicata grounds, for a stay of discovery pending resolution of his motion to dismiss, and for the imposition of sanctions against plaintiff and his counsel.

The factual background of this case is presented in the court's previous opinions. 113 F.R.D. 585 (D.Minn.1986); 625 F.Supp. 641 (D.Minn.1985). Plaintiff, an agent of the Federal Bureau of Investigation, brought this action on February 9, 1984, in the United States District Court for the District of South Dakota. He alleges that portions of the book defame him by asserting that he engaged in various activities in connection with events at Wounded Knee, South Dakota in 1973 and events related to the killing of three persons on the Pine Ridge Indian Reservation in 1975. With respect to defendant Ellison, plaintiff alleges that "[s]ome or all of the [defamatory] statements are republications by defendants Matthiessen and Viking of statements made by defendant Ellison and information furnished to Matthiessen by Ellison." On March 13, 1984, defendant Ellison asserted several counterclaims, alleging both state and federal law causes of action.

In addition to this federal action, plaintiff filed an almost identical suit in South Dakota state court. In an order dated February

---

1. Viking was improperly named in the complaint as Viking Press, Inc.

27, 1985, the state court granted the motions of defendants Viking and Matthiessen to dismiss for lack of personal jurisdiction and granted defendant Ellison's motion to dismiss for failure to state a claim upon which relief can be granted. *Price v. Viking Press*, No. 84–448 (S.D.Cir.Ct.) Plaintiff appealed from that decision.

In June 1985, plaintiff, defendant Viking, and defendant Matthiessen entered into a stipulation under which the parties consented to the transfer of the federal action to the District of Minnesota and agreed that venue and personal jurisdiction were proper in Minnesota. The stipulation further provided that the pending state court action, including plaintiff's appeal, was to be dismissed without prejudice and that the rulings by the state court were to have "no force and effect in the transferred federal action." Defendant Ellison refused to enter into the stipulation.

On June 25, 1985, the Honorable Donald J. Porter, Chief United States District Judge for the District of South Dakota, issued an order approving the stipulation and transferring the action to this district. With respect to defendant Ellison, the order noted that Ellison was not a party to the stipulation and had not filed anything in opposition to it.[2] On July 25, 1985, plaintiff dismissed his appeal of the state action to the South Dakota Supreme Court.

Ellison argues that the doctrine of res judicata requires dismissal of the claims against him. According to Ellison, the

state court's judgment became final when plaintiff dismissed his appeal. He argues this judgment is entitled to full faith and credit in this court and bars the assertion of defamation claims against him in the present action. With respect to Judge Porter's order, Ellison contends that the order simply approved a stipulation to which he would not agree and that it was therefore not intended to eliminate the res judicata effect of his favorable state court judgment.

Plaintiff admits that he dismissed the appeal, but asserts that the dismissal occurred only as a part of the stipulation that formed the basis for Judge Porter's order transferring the case to this court. To give the state court decision preclusive effect here would, according to plaintiff, effectively overturn the order of another federal judge. Plaintiff agrees that Ellison did not sign the stipulation, but contends that Judge Porter intended to bind Ellison as well. In addition, plaintiff argues that Ellison has waived any res judicata defense by failing to object to or appeal Judge Porter's order and by waiting 18 months to assert the defense in this court. Finally, even if Ellison has not waived his res judicata defense, plaintiff argues that the state court judgment should not be given res judicata effect because the issues were not fairly and fully litigated in the state court action. To support this, plaintiff argues that the state court dismissed the claims prior to any discovery and gave only brief treatment to the claims against Ellison.

2. The entire order stated:

Plaintiff, a citizen of Minnesota, and defendants Viking Press, Inc., and Matthiessen, citizens of the state of New York, having stipulated and agreed to resolve the jurisdictional-venue dispute in this action on the following basis:

(1) Defendants Viking Press, Inc., Matthiessen, and plaintiff having consented to transfer of this federal action to the United States District Court, District of Minnesota, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), and having stipulated that venue and personal jurisdiction are proper in the District of Minnesota, and it appearing to this court that such is the case;

(2) Defendant Ellison, a citizen of South Dakota, although not a party to the stipulation, having filed nothing in opposition;

(3) Plaintiff and defendants Viking Press, Inc. and Matthiessen having agreed that the pending South Dakota state court action entitled *Price v. Viking Press, Inc., et al*, Court File No. CIV. 84–448 (Pennington County, South Dakota), and the appeal pending in that action, shall be dismissed without prejudice (including counterclaims), and any rulings made by the state court in that action shall have no force and effect in the transferred federal action; it is therefore

ORDERED that said stipulation is approved, and that the clerk of this court shall transfer this action to the United States District Court for the District of Minnesota.

■ As a preliminary matter, the court determines that the entire South Dakota federal action, including the claims against Ellison and his counterclaims, was transferred to this district under Judge Porter's order. Although Ellison did not consent to the transfer of the action, Ellison's consent was not necessary under 28 U.S.C. §§ 1404(a) and 1406(a), the statutory authority for the transfer.

With respect to Ellison's motion to dismiss on the basis of res judicata, the court must first determine whether Judge Porter's order precludes Ellison from asserting that defense. The order itself says nothing about res judicata in respect to claims made against or by Ellison. Paragraph 3 of the order states the agreement between plaintiff and defendants Viking and Matthiessen that the state action and the appeal from it should be dismissed and that any rulings by the state court should have no future effect. Chief Judge Porter's order then approved this stipulation and transferred the case. Not being a party to the stipulation, defendant Ellison is not bound by it. The order recognizes that Ellison was not a party to it. Had Judge Porter somehow intended to subject Ellison to the terms of a stipulation to which he was not a party, the order could have stated that explicitly. As it is, the order leaves the question of res judicata with respect to Ellison to be determined according to the usual principles of the doctrine.

■ The South Dakota state court's decision is entitled to the same full faith and credit in this court as it would have in the State of South Dakota. 28 U.S.C. § 1738. Here, the state court entered a judgment dismissing plaintiff's complaint against Ellison "with prejudice and on the merits." Under South Dakota law, "[a]n action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied." S.D. Codified Laws Ann. § 15-1-3. Accordingly, when plaintiff dismissed his appeal, that judgment became final. The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).[3] As a result, Ellison's motion to dismiss plaintiff's claims should be granted.

■ Ellison's motion for sanctions under Fed.R.Civ.P. 11 should be denied, however. Rule 11 sanctions should be imposed "where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). Here, plaintiff could have reasonably believed that Judge Porter's order prevented the state court's judgment from having any effect in this district. As a result, sanctions would be inappropriate.

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant Ellison's motion to dismiss plaintiff's claims against him on res judicata grounds is granted, and these claims are dismissed.

2. Defendant Ellison's motion to stay discovery pending resolution of his motion to dismiss is dismissed as moot.

---

**3.** Plaintiff argues that the state court erroneously considered only the alleged defamatory statements that mentioned Ellison by name whereas its complaint alleges that Ellison served as the source for "some or all" of the statements. However, "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong...." *Moitie,* 452 U.S. at 398, 101 S.Ct. at 2428. Plaintiff voluntarily agreed to stipulate with some of the parties to dismiss his appeal of the state court action. He apparently chose to rely on the terms of a stipulation not entered into by Ellison when he voluntarily dismissed his appeal with respect to Ellison.

3. Defendant Ellison's motion for sanctions is denied.